# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:94-CR-15

United States of America

v.

Robert Little, Jr.                                              Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed January 13, 2009, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States magistrate judge.

### I. The Original Conviction and Sentence

Defendant was sentenced on August 12, 1994, before The Honorable Richard A. Schell, U.S. District Judge of the Eastern District of Texas, after

pleading guilty to the offense of Possession with Intent to Distribute a Controlled Substance, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. Defendant was subsequently sentenced to 90 months imprisonment followed by 6 years supervised release subject to the standard conditions of release, plus special conditions including no new credit without officer approval, mental health treatment, financial disclosure, $500 fine and a $50 special assessment.

## II. The Period of Supervision

On November 26, 2008, defendant completed his period of imprisonment and began service of the supervision term. Defendant also remains under state supervision is on parole until 2018.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on January 13, 2009. The petition alleges that defendant violated the following conditions of release:

Standard Condition:      Defendant shall report in person to the
                         probation office in the district to which
                         defendant has been released within 72
                         hours of release from custody of the Bureau
                         of Prisons.

As grounds, the petition alleges that defendant has failed to report to the United States Probation Office since his release.

## IV. Proceedings

On January 22, 2009, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that failure to report to the United States Probation Office. In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose 14 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that failure to report to the United States Probation Office.

## V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 3 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release

by failure to report to the United States Probation Office, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

### Findings:

Defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to report to the United States Probation Office. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 14 months imprisonment upon revocation.

### Conclusion and Justification:

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by reporting to the probation office. As such, incarceration appropriately addresses defendant's violation. Furthermore, since defendant will continue on state parole supervision until 2018, there is no compelling reason to impose an additional term of supervised release.

### RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release, by failing report to the probation office, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of fourteen (14) months.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 27 day of January, 2009.

*Earl S. Hines*

Earl S. Hines
United States Magistrate Judge